# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
(Western Division)

| | | |
|---|---|---|
| PAMELA STEWARD, | : | Civil Action No. 3:17-cv-2119 |
| 859 Miami Street, Apt. 11 | | |
| Tiffin, Ohio 44883 | : | |
| | : | |
| MARK FELTON, | : | Judge: |
| 180 Gross Street | | |
| Tiffin, Ohio 44883 | : | |
| and | : | Magistrate Judge: |
| RALPH MAGERS | : | |
| P.O. Box 426 | | |
| Tiffin, Ohio 44883 | : | |
| Plaintiffs, | : | COMPLAINT |
| v. | : | |
| SENECA RE-AD INDUSTRIES, INC. | : | |
| 780 East SCR 20 | | |
| Tiffin, Ohio 44883 | : | |
| Defendant. | : | |

**I. PRELIMINARY STATEMENT**

Plaintiffs Pamela Steward, Mark Felton, and Ralph Magers (hereafter "Plaintiffs") bring this Complaint against Defendant Seneca Re-Ad Industries, Inc., ("Seneca") for damages and allege as follows:

1. Plaintiffs are individuals with disabilities employed by Defendant to manufacture samples of flooring materials.

2. For years, Plaintiffs were paid subminimum wages (as little as $2.00 per hour) by Defendant under the guise of certificates issued by the United States Department of Labor to

Seneca pursuant to 29 U.S.C. § 214(c).  Such certificates permit employers to pay subminimum wages to individuals who are "impaired by a physical or mental disability . . . for the work to be performed," 29 C.F.R. § 525.3(d), i.e., "disabled for the work performed."

3.      Plaintiffs successfully challenged Seneca's payment of a subminimum wage in an administrative proceeding pursuant to 29 U.S.C. § 214(c) and 29 C.F.R. § 525.22.  *See* Ex. 1, *Ralph Magers, et al. v. Seneca Re-ad Industries, Inc*., 2016-FLS-003 (Dep't of Labor Feb. 2, 2016) (decision and order); Ex. 2, *Ralph Magers, et al. v. Seneca Re-ad Industries, Inc*., ARB 16-038, ARB 16-054, 2016-FLS-003 (Dep't of Labor Jan. 12, 2017) (decision and order reversing, in part, and remanding).  Seneca, however, has sought judicial review of the outcome of that proceeding pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*.  *See* Ex. 3, *Seneca v. Hugler*, 3:17-cv-00281 (N.D. Ohio, filed Feb. 10, 2017).  Seneca argues, in part, that a claim for liquidated damages under the Fair Labor Standards Act ("FLSA") must be brought in court, and cannot be brought in a special administrative proceeding.

4.      Plaintiffs, therefore, bring this action pursuant to the FLSA, the Ohio Constitution, the Ohio Wage Act, and the Ohio Prompt Payment Act to preserve their right to seek all of the relief to which they are entitled to under those statutes.

## II.     JURISDICTION AND VENUE

5.      This court has subject-matter jurisdiction over Plaintiffs' claims under the FLSA pursuant to 28 U.S.C. § 1331 (federal question) and over Plaintiffs' claims under Ohio state law pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all of the parties are residents of this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## III. PARTIES

### A. Plaintiffs

7. Plaintiff Pamela Steward is an adult individual and a resident of Tiffin, Ohio. She is blind in her right eye and has been diagnosed with an intellectual disability, asthma, and colitis. Ms. Steward has been employed by Defendant at its facility in Fostoria, Ohio since April 22, 2010.

8. Seneca paid Ms. Steward at subminimum wage rates for almost six years, from April 22, 2010 until on or about February 2, 2016.

9. Ms. Steward's disability has not impaired her earning or productive capacity for the work she has performed over the course of her employment with Seneca.

10. Plaintiff Mark Felton is an adult individual and a resident of Tiffin, Ohio. He has been diagnosed with Asperger's syndrome. Mr. Felton has been employed by Defendant at its facility in Fostoria, Ohio since December 5, 2011.

11. Seneca paid Mr. Felton at subminimum wage rates for more than four years, from December 5, 2011 until on or about February 2, 2016.

12. Mr. Felton's disability has not impaired his earning or productive capacity for the work he has performed over the course of his employment with Seneca.

13. Plaintiff Ralph Magers is an adult individual and a resident of Tiffin, Ohio. He is a person with optic atrophy and is legally blind. Mr. Magers has been employed by Defendant in its facility in Fostoria, Ohio since January 22, 2010.

14. Seneca paid Mr. Magers at subminimum wage rates for more than six years, from January 22, 2010 until on or about February 2, 2016.

15. Mr. Magers' disability has not impaired his earning or productive capacity for the work he has performed over the course of his employment with Seneca.

### B. Defendant Seneca Re-Ad Industries, Inc.

16. Defendant Seneca is a non-profit organization that contracts with the Seneca County (Ohio) Board of Developmental Disabilities to provide employment and other support services to individuals with developmental disabilities. Seneca also partners with Roppe Corporation ("Roppe"), a privately held corporation headquartered in Fostoria, Ohio, and a leading manufacturer of commercial flooring materials, to employ individuals who finish and package Roppe's products. Seneca's workshop space is located in a building owned by Roppe and a representative from Roppe sits on Seneca's board of directors.

17. Although Seneca holds both a Section 214(c) Certificate from the U.S. Department of Labor and a state subminimum wage certificate from the Ohio Department of Commerce, Ms. Steward, Mr. Felton, and Mr. Magers are not "impaired for the work performed," and their earning or productive capacity is not impaired by their individual disabilities.

## IV. STATEMENT OF FACTS

18. Believing that Seneca improperly paid them subminimum wages, Plaintiffs filed an administrative challenge with the United States Department of Labor on November 17, 2015.

19. Following a weeklong hearing in January 2016, the presiding Administrative Law Judge ("ALJ") agreed with Plaintiffs that they should not have been paid subminimum wages because Plaintiffs are not "disabled for the work performed." On February 2, 2016, the ALJ ordered that Plaintiffs receive unpaid wages at Ohio's minimum wage for the period December 28, 2012 through December 25, 2015, and liquidated damages in an equal amount.

20. Following the submission of supplemental briefing, on March 28, 2017, the ALJ awarded Plaintiffs $276,111.72 in reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

21. Many of the ALJ's findings were affirmed by the Department of Labor's Administrative Review Board ("ARB") on January 12, 2017. *See* Ex. 2. Specifically, the ARB affirmed the ALJ's determination that Plaintiffs are not disabled for the work performed and therefore should not have been paid subminimum wages, as well as the ALJ's award of unpaid wages and liquidated damages. *Id.* at 30.

22. The ARB also reversed the ALJ's decision and order in certain respects. In particular, the ARB reversed the ALJ's award of unpaid wages and liquidated damages at Ohio's minimum wage, finding that the ALJ only had jurisdiction to award damages based on the federal minimum wage. *Id.* at 23. It also reversed the ALJ's award of reasonable attorneys' fees and costs, finding that they could only be awarded in an action filed in court. *Id.* at 30 (stating, "If this dispute were to go to court, the Employees may well be entitled to attorneys' fees for the work performed in this administrative proceeding," but declining to find that plaintiffs were entitled to them through the administrative review process).

23. Notwithstanding the ARB's reversal and order to remand, on February 10, 2017, Seneca sought judicial review of the ARB's decision and order pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*. That matter is pending before this Court and is captioned *Seneca v. Hugler*, 3:17-cv-00281 (N.D. Ohio, filed Feb. 10, 2017). Ex. 3.

24. On April 14, 2017, the United States Department of Labor moved to dismiss Seneca's complaint for judicial review on the ground that the ARB's decision and order was not ripe for review because the ARB had ordered that the matter be remanded to an ALJ for a recalculation of the damages sustained by Plaintiffs, and, therefore, was not a final agency action within the meaning of the Administrative Procedure Act. Def.'s Mot. to Dismiss and Mem. in Supp. in *Seneca v. Hugler*, 3:17-cv-00281 (N.D. Ohio, filed Feb. 10, 2017) (Doc. 7).

25. Seneca's complaint for judicial review challenges the ARB's Decision and Order in two main respects. First, it challenges the finding that Plaintiffs are not "disabled for the work performed" and thus the determination that Plaintiffs cannot be paid a subminimum wage at all. Second, it challenges the ALJ's ability to award Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b) in the administrative proceeding.[1]

26. Plaintiffs, who are not parties to the judicial review proceedings on appeal, believe the administrative decisions correctly interpreted the relevant provisions of the FLSA and correctly determined that Plaintiffs are entitled to unpaid wages and liquidated damages.

27. Plaintiffs retain the right to recover liquidated damages in this action. *See* 29 U.S.C. § 216(b) (stating "[a]ny employer who violates the provisions of section 206 [*i.e.*, the Minimum Wage Provision] . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages."); *see also* 29 U.S.C. § 260 (recognizing an "action" to recover unpaid liquidated damages under the FLSA).

28. In addition, Plaintiffs are entitled to recover reasonable attorneys' fees and costs for work performed in this action and in the administrative proceeding pursuant to 29 U.S.C. § 216(b).

29. Plaintiffs also have not been awarded their unpaid wages for the time period December 29, 2015 through February 2, 2016 – the time in which Plaintiffs' Petition for review of their wages was pending in the administrative review process. Because Plaintiffs are not

---

[1] Moreover, Plaintiffs support the United States Department of Labor's position that the ARB's decision in this matter was not a final agency action within the meaning of the Administrative Procedure Act because the ARB had ordered that the matter be remanded to an ALJ for a recalculation of the damages sustained by Plaintiffs. In the event that Plaintiffs are mistaken, however, Plaintiffs file this Complaint to preserve all of their claims within the relevant statutes of limitations.

"disabled for the work performed," and were not during the relevant period, they are entitled to recover those wages and liquidated damages here.

30. Moreover, Plaintiffs were only awarded unpaid wages at the federal minimum wage even though Ohio's minimum wage is higher. Compliance with the FLSA does not excuse an employer from complying with applicable state minimum wage law. Pursuant to the Ohio state law, Plaintiffs seek the difference here.

31. Defendant's failure to promptly and timely pay these wages to Plaintiffs which were due and owed for the relevant period while Plaintiffs were employed in the State of Ohio violates the Ohio Prompt Payment Act ("OPPA"), codified at Ohio Rev. Code § 4113.15, and further entitles Plaintiffs to liquidated damages under Ohio Rev. Code § 4113.15(B).

## V. CAUSES OF ACTION

### A. Count I: Unpaid Wages, Liquidated Damages, and Reasonable Attorneys' Fees and Costs Pursuant to FLSA, 29 U.S.C. § 216(b)

32. Plaintiffs incorporate each of the foregoing allegations as if fully stated herein.

33. At all relevant times, Seneca has been an "employer" covered by the minimum wage requirements set forth in the FLSA. 29 U.S.C. § 203(d).

34. During all relevant times, Plaintiffs were "employees" of Seneca within the meaning of 29 U.S.C. § 203(e), and not otherwise exempt.

35. Defendant violated FLSA by knowingly failing to pay Plaintiffs for all hours worked at the required statutory minimum wage.

36. Seneca's failure to pay Plaintiffs at the lawful minimum wage rate was not based on good faith or reasonable grounds, or a belief that such a failure was not in violation of the FLSA. *See* 29 U.S.C. § 260.

37. Seneca's conduct was willful, in the sense that Seneca knew or should have known that Plaintiffs were entitled to the full minimum wage.

38. The ARB of the United States Department of Labor has determined that Seneca must pay Plaintiffs the difference between the subminimum wage paid to Plaintiffs for the duration of their employment at Seneca and the federal minimum wage, and an equal amount in liquidated damages.

39. In the event that Seneca prevails in its claim that Plaintiffs are not entitled to liquidated damages as part of the administrative review process, this Court nevertheless can order Seneca to pay liquidated damages to Plaintiffs pursuant to 29 U.S.C. § 216(b).

40. Defendant is also liable for the court costs, reasonable attorneys' fees, expenses, and any other relief deemed appropriate by the Court, incurred in Plaintiffs prosecution of their administrative complaint and this action. *See* 29 U.S.C. § 216(b); Ohio Const. art. II, § 34a; and Ohio Rev. Code § 4111.14(J).

**B. Count II: Unpaid Wages, Liquidated Damages, Attorneys' Fees and Costs Pursuant to Ohio Const. art. II, § 34a and Ohio Rev. Code § 4111.14**

41. Plaintiffs incorporate each of the foregoing allegations as if fully stated herein.

42. At all relevant times, Seneca was Plaintiffs' employer within the meaning of Ohio Rev. Code § 4111.14(B) and has been required to comply with the wage requirements imposed by the Ohio Constitution. Ohio Const. art. II, § 34a.

43. At all relevant times, Plaintiffs were employees of Seneca within the meaning of Ohio Rev. Code § 4111.14(B).

44. Although Seneca sought and then obtained a subminimum wage certificate from the Ohio Department of Commerce (on the basis of its possession of a certificate issued pursuant

to 29 U.S.C. § 214(c)), Seneca was not entitled to pay Plaintiffs at subminimum wage because Plaintiffs are not disabled for the work they perform.

45. From the time they each began their employment at Seneca, until February 2, 2016, Seneca failed to pay Plaintiffs at least the minimum wage established by the Ohio Constitution. Seneca's failure to pay Plaintiffs the required minimum wage was willful and in reckless disregard of clearly applicable provisions of the Ohio Wage Act and the Ohio Constitution.

46. Pursuant to Ohio Rev. Code 4111.14(K), Plaintiffs are entitled to unpaid wages at the Ohio minimum wage rate for the duration of their employment at Seneca. In addition, pursuant to Ohio Rev. Code § 4111.14(J) and Ohio Const. art. II, § 34a, Plaintiffs are entitled to unpaid wages due and damages calculated as an additional two (2) times the amount of the unpaid wages, as well as their reasonable attorneys' fees and costs.

47. Moreover, in the event that the Department of Labor's Motion to Dismiss is granted, this Court can order Seneca to pay the difference between federal minimum wage and the Ohio minimum wage for the duration of Plaintiffs' employment at Seneca. *See* 29 U.S.C. § 218(a) ("No provision of [the Fair Labor Standards Act] or any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under [the Act].").

**C.   Count III:  Violations of the Ohio Prompt Payment Act**

48. Plaintiffs incorporate each of the foregoing allegations as if fully stated herein.

49. During all relevant times, Seneca has been a corporation and employer required to comply with the mandates of Ohio Rev. Code § 4113.15, *i.e.*, the OPPA.

50. Seneca employed Plaintiffs within the meaning of the OPPA, and is not otherwise exempt.

51. The OPPA requires that Seneca pay Plaintiffs all wages owed, on or before the first (1st) day of each month for wages earned by them during the first (1st) half of the preceding month ending with the fifteenth (15th) day thereof, and, on or before the fifteenth (15th) day of each month, for wages earned by them during the preceding calendar month. Ohio Rev. Code §§ 4113.15(A) & (B).

52. Seneca has violated the OPPA by failing to pay Plaintiffs wages owed within the time periods specified therein.

### D. Count IV: Attorneys' Fees and Costs, Pre-Judgment Interest, Post-Judgment Interest under the Fair Labor Standards Act

53. Plaintiffs incorporate each of the foregoing allegations as if fully stated herein.

54. In the event that Seneca prevails in its claim that Plaintiffs are not entitled to attorneys' fees and costs during the administrative review process, this Court nevertheless can order Seneca to pay Plaintiffs attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

55. Moreover, this Court can order Seneca to pay pre- and post-judgment interest on all amounts owed. *See* 28 U.S.C. § 1961; *Pgb Int'l, LLC. Co*, 65 Agric. Dec. 669, 669 (U.S.D.A. Feb. 21, 2006) (awarding post-judgment interest following an administrative adjudication).

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court do all of the following:

A. Enter a declaratory judgment that Defendants have violated 29 U.S.C. § 214(c) and that Plaintiffs are entitled to unpaid wages;

B. Enter a judgment against Defendant and in favor of each Plaintiff, based on Defendant's violations of FLSA, for an amount of liquidated damages equal to the unpaid wages awarded to Plaintiffs by the ARB and/or ALJ;

C. Enter a judgment against Defendant and in favor of each Plaintiff, based on Defendant's violation of the Ohio Constitution and the Ohio Wage Act, for all unpaid wages, and an additional two (2) times that amount as liquidated damages;

D. Award Plaintiffs pre- and post-judgment interest on all amounts owed as allowed by law, pursuant to 28 U.S.C. § 1961;

E. Award Plaintiffs additional liquidated damages in an amount equal to 6% of their unpaid Ohio minimum wages, pursuant to Ohio Rev. Code 4113.15(B);

F. Enter a declaratory judgment that Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in prosecuting their administrative complaint pursuant to 29 U.S.C. § 216(b);

G. Award Plaintiffs the reasonable attorneys' fees and costs incurred in prosecuting their administrative complaint and this action pursuant to 29 U.S.C. § 216(b), Ohio Const. art. II, § 34a, and Ohio Rev. Code § 4111.14(J); and

H. Grant Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Rebecca M. Babarsky
Rebecca M. Babarsky (0092849)
rbabarsky@disabilityrightsohio.org
DISABILITY RIGHTS OHIO
200 Civic Center Dr., Ste. 300
Columbus, OH 43215
Telephone: 614-466-7264
Facsimile: 614-644-1888

Counsel for Plaintiffs

Regina Kline, *pro hac vice pending*
rkline@browngold.com
Kevin D. Docherty, *pro hac vice pending*
kdocherty@browngold.com
Anthony J. May, *pro hac vice pending*
amay@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
Telephone: 410-962-1030
Facsimile: 410-385-0869

Marc M. Maurer, *pro hac vice pending*
Attorney at Law
mmaurer@nfb.org
1800 Johnson Street
Baltimore, MD 21230
Telephone: 410-659-9317
Facsimile: 410-685-5653