UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pamela Steward, et al.,                                    Case No. 3:17-cv-2119

        Plaintiffs,

    v.                                                          MEMORANDUM OPINION
                                                  AND ORDER

Seneca Re-Ad Industries, Inc.,

        Defendant.

        Plaintiffs are individuals with disabilities employed by Defendant Seneca Re-Ad Industries, Inc., who filed a petition with the United States Department of Labor challenging Seneca's payment to them of less than minimum wage for the work Plaintiffs performed. In another case before me, Seneca contested the Department of Labor's rulings in the administrative proceedings. *See Seneca Re-Ad Industries, Inc. v. Acosta*, Case No. 3:17-cv-281. I dismissed that case, brought under the Administrative Procedure Act, 5 U.S.C. § 702, et seq., for lack of subject matter jurisdiction.

        Seneca has filed a Rule 12(b)(6) motion to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted. (Doc. No. 19). Plaintiffs oppose that motion and also move to stay these proceedings while the administrative process runs its course. (Doc. No. 24).

        Courts have "substantial discretion" in staying pending proceedings and generally consider the following factors in exercising that discretion: (1) potential prejudice to the non-moving party if a stay is granted; (2) potential prejudice to the moving party if a stay is not granted; and (3) whether a stay would serve the interests of judicial economy and efficiency. *Williams v. City of Cleveland*, 2011 WL 2848138, at *2 (N.D. Ohio July 14, 2011) (citation and quotations omitted).

Seneca principally argues Plaintiffs fail to state a claim for relief under federal law because Plaintiffs pursued, or could have pursued, the relief they seek during the administrative proceedings before the Department of Labor. As I concluded in Case No. 3:17-cv-281, however, those proceedings are not yet final. Thus, the possibility remains the Department of Labor may either grant or deny claims which are the same as or similar to claims Plaintiffs assert in this case, which in turn may affect the availability of relief to the Plaintiffs in this Court.

For instance, Seneca argues "Plaintiffs seem to ignore the fact that they cannot have a claim for unpaid minimum wage if, as they aver, they've already received that relief." (Doc. No. 25 at 9-10). Seneca has appealed a portion of the administrative decision awarding back pay for unpaid minimum wage, however, (Case No. 3:17-cv-281, Doc. No.14-2), and the ultimate success or failure of Seneca's arguments on that point may affect the proper adjudication of the Plaintiffs' claims.

Unlike Seneca's claims in Case No. 3:17-cv-281, my authority to exercise subject matter jurisdiction over Plaintiffs' claims is not dependent on the finality of the agency action. Seneca concedes as much, arguing the claims lack merit rather than they are unripe. The final resolution of the agency proceedings, however, may affect some of the factual and legal disputes in this case, and I conclude a stay would serve both to protect the parties to this case from potential prejudice and to further the interests of judicial economy and efficiency.

For these reasons, Plaintiffs' motion to stay, (Doc. No. 24), is granted. Seneca's motion to dismiss, (Doc. No. 19), and Plaintiffs' motion to amend the complaint, (Doc. No.33), are denied without prejudice. The parties shall file a joint status report within 60 days of this Order or upon the entry of a final administrative decision by the Department of Labor, whichever occurs first.

So Ordered.

    s/ Jeffrey J. Helmick  
    United States District Judge